# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIM NO. 1:93CR16(2) |
| | § | APPEAL NO. 09-40325 |
| CHI THIEN DUONG | § | |

## MEMORANDUM OPINION AND ORDER

On February 25, 2009, this court entered judgment denying the Defendant's motion to modify sentence.[1] The Defendant submitted a *pro se* notice of appeal that is dated March 12, 2009 and is stamped as filed on March 20, 2009. The final day for filing a timely notice of appeal was March 11, 2009.

Rule 4(b)(1) of the Federal Rules of Appellate Procedure affords a criminal defendant ten (10) days in which to file a notice of appeal. Pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure, a district court may grant an additional thirty (30) days in which to file a notice of appeal upon a finding of excusable neglect or good cause. Since the Defendant filed his notice of appeal within the additional thirty (30) day period, the Fifth Circuit remanded the case to this court on July 7, 2009 for a determination of whether the untimely filing of the notice of appeal was due to excusable neglect or good cause.

Thereafter, the court received the Defendant's explanation for the untimely filing of his notice of appeal. *See* "MOTION AVERRING GOOD CAUSE AND EXCUSABLE NEGLECT" (docket entry #143). The Defendant states that he did not receive the court's February 24, 2009 order until March

---

[1] The court's "Order Denying Defendant's Motion to Modify Sentence" (docket entry #139) is dated February 24, 2009.

1

6, 2009 because the facility in which he is incarcerated was in lockdown. The Defendant further states that once the lockdown was concluded and prison operations returned to normal, the Defendant delivered his notice of appeal to prison authorities on March 12, 2009, one day after the final day for filing a timely notice of appeal.[2]

In *Pioneer Investment Services, Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the United States Supreme Court established the following factors to determine excusable neglect:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding that party's omission. These include, as the Court of Appeals found, the danger of prejudice [ ], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 113 S.Ct. at 1498 (footnotes omitted).[3] However, ignorance of the rules or mistakes construing the rules typically do not constitute excusable neglect or good cause. *See United States v. Clark*, 51 F.3d 42, 43-44 (5th Cir. 1995), citing *Pioneer*, 113 S.Ct. at 1496.

In light of the foregoing, the court finds that the Defendant has shown good cause for the untimely filing of his notice of appeal. The court finds that it is unlikely that the Government will suffer prejudice from the Defendant's delay in filing his notice of appeal. The Defendant, however, may be greatly prejudiced by the court's disallowance of his appeal. It is, therefore,

---

[2]A prisoner's *pro se* notice of appeal is deemed filed when delivered to prison authorities for forwarding to the court clerk. *Houston v. Lack*, 487 U.S. 266 (1988).

[3]Although *Pioneer* involved a bankruptcy action, the Fifth Circuit determined that "*Pioneer* controls determinations of excusable neglect under Rule 4(b)." *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995).

2

**ORDERED** that the Clerk of this Court shall return this case to the Fifth Circuit Court of Appeals for further proceedings by forwarding a copy of this memorandum to the Fifth Circuit Court of Appeals and to the parties in this lawsuit.

IT IS SO ORDERED.

**SIGNED this the 28th day of July, 2009.**

                                                  RICHARD A. SCHELL
                                                  UNITED STATES DISTRICT JUDGE